**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| National Western Life Insurance Company,<br><br>Plaintiff,<br><br>v.<br><br>Judith McComas, et al.,<br><br>Defendants. | No. CV-21-00580-PHX-DMF<br><br>**ORDER** |

Pending before the Court is Defendants/Cross-Defendants/Cross-Claimants Barbara Jean Kane ("Kane"), James Franklin Ryan ("Ryan"), and Chris Klock Ministries' ("CKM") motion for summary judgment against Defendant/Cross-Claimant/Cross-Defendant Judith McComas ("McComas") regarding McComas' cross claims against Kane, Ryan, and CKM (Docs. 79, 80).[1] McComas filed a response in opposition (Docs. 119, 120; *see also* Doc. 84, which provides notice to McComas, who is litigating *pro se* since early in the proceedings, of significant applicable rules regarding the motion for summary judgment). Kane, Ryan, and CKM filed a reply in support of their motion (Doc. 125). The Court has carefully reviewed all the materials pertaining to the pending motion. As set forth below, the Court will deny Kane, Ryan, and CKM's motion for summary judgment regarding McComas' cross claims against Kane, Ryan, and CKM (Doc. 79).

**I.   PERTINENT PROCEDURAL HISTORY**

On April 5, 2021, pursuant to 28 U.S.C. §§ 1335, 1397, and 2361 and Federal Rule

---

[1] Together, Kane, Ryan, and CKM are also referred to as "Movants."

of Civil Procedure ("Fed. R. Civ. P.") 22, National Western Life Insurance Company ("National Western") filed its Complaint in Interpleader with this Court to resolve the competing claims to the remaining one quarter share, $23,945.59 plus applicable interest, of Ona Jean Ryan's ("the Insured") deferred annuity, policy number 0101317167 ("the Contract") (Doc. 1).  National Western's Complaint named Kane, Ryan, and St. Jude Children's Research Hospital ("St. Jude") as defendants, each of whom had received a one quarter share of the Contract, as well as Defendants CKM and McComas who had competing claims for the remaining one quarter share (*Id.*).  The Complaint posited that if CKM were to decline its share, then Kane, Ryan, St. Jude, and McComas would have competing claims to the remaining one quarter share (*Id.* ¶¶ 23 - 28).  On September 17, 2021, National Western deposited with the Clerk of the Court the one quarter share plus interest, which totaled $26,665.42 ("the Proceeds") (Doc. 55).

By stipulation of all parties, St. Jude was dismissed from the action, keeping its pre-lawsuit distributed one quarter share of the Contract (Docs. 60, 61).  McComas' counterclaim against National Western was also dismissed by stipulation (Docs. 115, 116). In addition to the Complaint in Interpleader with Defendants Kane, Ryan, CKM, and McComas, McComas has cross claimed against Kane, Ryan, and CKM for unjust enrichment (Doc. 25; Doc. 110 (amending Doc. 25 without opposition as well as delineating and containing only unopposed minor amendments in wording pertaining to the cross claims)).[2]  McComas did not submit a verification with her cross claims (Docs. 25, 110).  Further, Kane, Ryan, and CKM have cross claimed against McComas for restitution for the full amount of attorneys' fees and other costs to be collected by National Western from the Proceeds (Doc. 114).

On November 19, 2021, Kane, Ryan, and CKM moved for summary judgment regarding McComas' unjust enrichment cross claims against them (Docs. 79, 80). McComas responded in opposition (Docs. 119, 120; *see also* Doc. 84, which provides

---

[2] The minor amendments did not impact the merits of the summary judgment motion filed by Kane, Ryan, and CKM regarding McComas' cross claims (Docs. 79, 80) before McComas' amended filing (Doc. 110).

notice to McComas, who is litigating *pro se* since early in the proceedings, of significant applicable rules regarding the motion for summary judgment). Kane, Ryan, and CKM replied in support of their motion (Doc. 125). Kane, Ryan, and CKM's motion for summary judgment on McComas' unjust enrichment cross claims against them is ripe.

## II.   STANDARD OF REVIEW

A party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, shows "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). The moving party must cite "to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A). "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4).

Summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. Only disputes over facts that might affect the outcome of the suit will preclude the entry of summary judgment, and the disputed evidence must be "such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In other words, the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact. *Id.*

As the Court informed and warned when setting the briefing schedule on the motion for summary judgment (Doc. 84), Fed. R. Civ. P. 56 requires the nonmoving party to

"designate 'specific facts showing that there is a genuine issue for trial,'" and such facts must be shown by the party's affidavits "or by the 'depositions, answers to interrogatories, and admissions on file.'" *Celotex*, 477 U.S. at 324. "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson*, 477 U.S. at 248. "A summary judgment motion cannot be defeated by relying solely on conclusory allegations unsupported by factual data." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).[3]  To determine whether either party has met its burden, the Court must believe the evidence of the non-moving party, and "all justifiable inferences are to be drawn in [the non-moving party's] favor." *Anderson*, 477 U.S. at 255. Where "the evidence yields conflicting inferences, summary judgment is improper, and the action must proceed to trial." *O'Connor v. Boeing North American, Inc.*, 311 F.3d 1139, 1150 (9th Cir. 2002).

---

[3] Indeed, Fed. R. Civ. P. 56(c) provides regarding summary judgment procedures:

**(c) Procedures.**

    **(1) Supporting Factual Positions.** A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

        **(A)** citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or

        **(B)** showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

    **(2) Objection That a Fact Is Not Supported by Admissible Evidence.** A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.

    **(3) Materials Not Cited.** The court need consider only the cited materials, but it may consider other materials in the record.

    **(4) Affidavits or Declarations.** An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

### III. FACTS FOR CONSIDERATION OF THE PENDING MOTION

#### A. Framework

As required by applicable rules, Kane, Ryan, and CKM submitted with their motion for summary judgment (Doc. 79) a Statement of Facts ("SOF") and supporting materials consisting of six exhibits (Doc. 80); the exhibits are documents without any affidavit, declaration, or discovery responses identifying, authenticating, or describing the documents (*Id.* at 5-18). With her response to the motion for summary judgment (Doc. 119), McComas submitted a combined Response to the SOF ("RSOF") and Additional Statement of Facts ("ASOF") (Doc. 120).

As the Court previously notified and warned when setting a briefing schedule on the motion for summary judgment (Doc. 84), LRCiv 56.1(b) requires that "for each paragraph of the moving party's separate statement of facts" the responding party must present a "correspondingly numbered paragraph indicating whether the party disputes the statement of fact set forth in that paragraph and a reference to the specific admissible portion of the record supporting the party's position if the fact is disputed." The non-moving party must also refer to specific portions of the record to support an additional statement of facts. LRCiv 56.1(b).

The moving parties may not add additional facts in reply. *See* LRCiv 56.1(b) ("No reply statement of facts may be filed."). Thus, McComas' November 2021 responses to interrogatories submitted by Kane, Ryan, and CKM in reply in support of the motion for summary judgment (Doc. 125 at 6-13) cannot be considered as affirmative evidence in support of the motion for summary judgment.[4]

Where McComas has disputed a statement of fact without proper support and therefore has not complied with applicable rules, the Court will deem undisputed the corresponding statement of fact from Kane, Ryan, and CKM, but only if there is appropriate support in the record for the asserted undisputed fact. *See* Fed. R. Civ. P. 56(e).

---

[4] The motion for summary judgment was filed in November 2021, but the deadline for filing motions for summary judgment was set in September 2021 for June 3, 2022 (Doc. 59 at 5).

- 5 -

The Court will not consider any asserted facts by any party that are not properly supported by the record.

Under certain circumstances, a court may deny or defer a motion for summary judgment when a "nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d). Despite asserting that she has been unable to obtain necessary discovery (Doc. 119 at 3), McComas has not produced any affidavit or declaration, let alone one satisfying Rule 56(d)'s requirement of specificity regarding the purportedly necessary discovery or its connection to the issues in the pending motion for summary judgment.[5]

### B.   Material Facts

It is undisputed that on September 19, 2013, the Insured created and executed the Contract with National Western and designated McComas as the primary beneficiary (SOF and RSOF ¶¶ 1, 2). It is undisputed that the Insured did not designate a contingent beneficiary at that time (*Id.*; *see also* Doc. 80 at 6). It is also undisputed that on March 17, 2015, the Insured married James Walter Ryan (SOF and RSOF ¶ 3).

Movants assert in their statement of facts that on May 11, 2020, the Insured executed an amendment to her trust, designating her spouse as the primary beneficiary and Kane (the Insured's stepdaughter), Ryan (the Insured's stepson), CKM, and St. Jude as secondary beneficiaries (SOF ¶¶ 4, 7). Movants attach the purported amendment (Doc. 80 at 10-12). McComas disputes that the Insured voluntarily and knowingly executed the amendment (RSOF ¶ 4). The trust amendment does not mention the Contract at issue in this matter

---

[5] The party seeking Rule 56(d) relief "bears the burden of showing that '(1) [she] has set forth in [declaration] form the specific facts [she] hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to oppose summary judgment." *Martin v. James River Ins.*, 366 F. Supp. 3d 1186, 1189 (D. Nev. 2019) (quoting *Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008)); *see Nidds v. Schindler Elevator Corp.*, 113 F.3d 912, 921 (9th Cir. 1996) ("The burden is on the party seeking additional discovery to proffer sufficient facts to show that the evidence sought exists, and that it would prevent summary judgment."); *Garrett v. City & Cty. of S.F.*, 818 F.2d 1515, 1518 (9th Cir. 1987) (the party seeking to conduct discovery "must make clear what information is sought and how it would preclude summary judgment"). "Failure to comply with these requirements is a proper ground for denying discovery and proceeding to summary judgment." *Family Home*, 525 F.3d at 827 (citations omitted).

(Doc. 80 at 10-12).

It is undisputed that a change of beneficiary form dated May 26, 2020, regarding the Contract and purportedly signed by the Insured and her spouse was sent to National Western, designating the insured's spouse as the primary beneficiary and Kane, Ryan, CKM, and St. Jude as contingent beneficiaries (SOF and RSOF ¶¶ 5, 6, 7).

While Kane, Ryan, and CKM assert in their statement of facts that the Insured submitted the change of beneficiary form dated May 26, 2020, regarding the Contract to National Western in which she had changed the primary and contingent beneficiaries to the Insured's spouse, Movants, and St. Jude (*Id.*), there is no support for the assertion in the record by way of any person with knowledge of the events or even recognition of the purported signatures of the Insured or of the Insured's spouse.  Only an unauthenticated document was submitted, the purported change of beneficiary form dated May 26, 2020 (Doc. 80 at 14).[6]

McComas disputes that the change of beneficiary form dated May 26, 2020, was signed by the Insured (RSOF ¶¶ 5, 6, 7).  Further, McComas asserts that the Insured "was subject to undue influence due to her vulnerability and cognitive defects" (*Id.*); that the change of beneficiary form was "altered, recorded and signed by other than a company officer of National Western" after the Insured died ((RSOF ¶ 5); and that the Insured "could not have authored or submitted a change of beneficiary with her cognitive deficits, inability to make decisions, or process simple information" (ASOF ¶ 20).  McComas references a document purporting to be a "Confidential Neuropysch Evaluation" of the Insured based on an evaluation of the Insured in August 2019, although no foundation is laid for the report (ASOF ¶ 20; Doc. 118 Exhibit 5 at 149-153).

It is undisputed that on July 30, 2020, the Insured died, with the Insured's spouse having predeceased the Insured on July 11, 2020 (SOF and RSOF ¶¶ 8, 9).  It is undisputed that Kane, Ryan, and St. Jude each received a quarter share of the Contract (SOF and RSOF ¶¶ 10, 11, 12).  It is undisputed that National Western interplead the remaining quarter

---

[6] The purported change of beneficiary form is not a self-authenticating document. *See* Fed. R. Evid. 902.

share of the Contract with this Court on April 5, 2021 (SOF and RSOF ¶ 13). It is a matter of Court record and it is undisputed that on September 29, 2021, the Court granted a stipulation to dismiss St. Jude (SOF and RSOF ¶ 14).

## IV. ANALYSIS

The party claiming unjust enrichment must show more than the defendant's "mere receipt of a benefit[.]" *Murdock-Bryant Constr. v. Pearson*, 146 Ariz. 48, 54 (1985). A claimant "must demonstrate that [the defendant] received a benefit, that by receipt of that benefit [the defendant] was unjustly enriched at [claimant's] expense, and that the circumstances were such that in good conscience" the defendant should compensate the claimant. *Pyeatte v. Pyeatte*, 135 Ariz. 346, 352 (App. 1982). Under Arizona law, to prevail on unjust enrichment, a party must show five elements: "(1) an enrichment, (2) an impoverishment, (3) a connection between the enrichment and impoverishment, (4) the absence of justification for the enrichment and impoverishment, and (5) the absence of a remedy provided by law." *Freeman v. Sorchych*, 226 Ariz. 242, 251 (App. 2011). Kane, Ryan, and CKM argue that McComas has not shown evidence in the record of unjust enrichment and that McComas' unjust enrichment claims against them fail as a matter of law as applied to the undisputed facts as to the elements of enrichment, impoverishment, and connection between the enrichment and impoverishment (Doc. 79 at 4-6).

After careful review of the briefing and associated papers as well as the applicable law, the Court concludes that Movants have not met their burden of coming forward with evidence sufficient to support their arguments, which are based on the authenticity and validity of the May 2020 beneficiary designation form pertaining to the Contract. As discussed *supra*, Movants have not supported their motion with authentication of the May 2020 beneficiary designation form pertaining to the Contract, let alone established the validity of the document. Further, Movants' arguments conflate the first three elements with the fourth element of unjust enrichment, which is actually the center of the parties' dispute in this lawsuit: whether the May 2020 Contract beneficiary designations were authentic as well as valid and, thus, created a justification for the related enrichment to

Kane, Ryan, and CKM and impoverishment of McComas regarding the Contract proceeds. Based on imperfectly raised factual assertions by Movants and McComas in their briefing and in statements of facts, issues of fact abound around whether or not the May 2020 Contract beneficiary designations were authentic and valid.[7]

### A.   Enrichment

The parties do not dispute that Ryan and Kane each received a quarter share of the Contract (SOF and RSOF ¶¶ 10, 11). The receipt of money is a sufficient benefit to satisfy the enrichment element of unjust enrichment. *Premier Funding Group LLC v. Aviva Life & Annuity Co.*, 2014 WL 6885732, at 9 (D. Ariz. Dec. 8, 2014) (money wired between parties constituted enrichment).

With respect to CKM, the parties do not dispute that CKM has not yet received a share of the Contract (SOF and RSOF ¶ 12). Although monetary benefits have not yet been distributed to CKM, this is not dispositive regarding enrichment. A benefit sufficient for unjust enrichment may constitute "any type of advantage[,]" not just monetary. *Pyeatte v. Pyeatte*, 135 Ariz. 346, 352 (App. 1983); *see also John A. Artukovich & Sons, Inc. v. Reliance Truck Co.*, 126 Ariz. 246, 248 (1980) (recognizing that the Restatement of Restitution § 1 comment b defines a benefit for purposes of unjust enrichment as any form of advantage). A benefit may consist of an interest in or possession of money, land, chattels, or choses in action. Restatement Restitution § 1 cmt. b; *Piper v. Gooding & Co.*, 334 F. Supp. 3d 1009, 1019 (D. Ariz. 2018) (applying the Restatement and California law, a future financial interest in the sale of a car constituted a benefit).

CKM claims it became one of the Contract designated beneficiaries, replacing McComas, and remained a designated beneficiary to the Contract at the time of the Insured's death. As a legal matter, this fulfills the enrichment element of McComas' cross claim against CKM for purposes of the pending motion. *See McLennan v. McLennan*, 29

---

[7] *See, e.g.*, Doc. 79 at 4 (the Insured's "voluntary election to change the designation of beneficiaries does not create a claim for McComas"); *Id.* at 6 ("It is not disputed that [the Insured] did have medical issues related to Alzheimer."); Doc. 120, which is signed by McComas but is not a declaration or affidavit and is not supported by such even putting aside that some of the statements therein appear to lack proper foundation.

Ariz. 191, 194-95 (1925) (a beneficiary has no vested interest until the insured's death).[8]

Accordingly, Kane, Ryan, and CKM are not entitled to summary judgment on the enrichment element of McComas' unjust enrichment cross claims against them.

**B.      Impoverishment**

Kane, Ryan, and CKM argue that McComas has not alleged impoverishment and, further, that McComas could not suffer impoverishment since she was neither a party to the Contract nor a designated beneficiary at the time of the Insured's death (Doc. 79 at 5).

McComas argues that but-for the change of beneficiary, McComas would have received the entire value of the Contract, which constitutes an impoverishment for her unjust enrichment claims (Doc. 119 at 2). Indeed, the parties agree that on September 19, 2013, the Insured created and executed the Contract with National Western and designated McComas as the primary beneficiary (SOF and RSOF ¶¶ 1, 2). Further, McComas did assert her conflicting claim to the entire value of the Contract in her answer (Doc. 110 at 3, ¶ 32) and made similar assertions in her now dismissed counterclaim (*Id.* at 6, ¶ 13). McComas was express in her cross claims that "[w]ithout the changes to the beneficiary designation and without the disbursement of funds" the "entire annuity would have been disbursed to McComas" (*Id.* at 7, ¶ 4; *Id.* at 8, ¶ 4). The pleadings, including the incorporation of McComas' answer into her cross claims (*Id.* at 7, ¶ 2 for each of the cross claims), put Kane, Ryan, and CKM sufficiently on notice of the impoverishment basis of McComas' claims. *See Fontana v. Haskin*, 262 F.3d 871, 877 (9th Cir. 2001) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)) ("Pleadings need suffice only to put the opposing party on notice of the claim.").

Movants' summary judgment papers are insufficient to show that McComas was not the beneficiary at the time of the Insured's death given that there was no foundation or authentication of the change of beneficiary form dated May 26, 2020, submitted in support

---

[8] Kane, Ryan, and CKM's argument based on McComas' dismissal of St. Jude after St. Judge having received a quarter share of the Contract (Doc. 79 at 6-7) does not undermine enrichment or otherwise inform regarding the pending motion. *See* Fed. R. Evid. 408; Doc. 119 at 3, footnote 1.

- 10 -

of the motion for summary judgment. Further, the impoverishment plead by McComas is sufficient to withstand Movants' motion for summary judgment. *See Harrison v. Christus St. Patrick Hosp.*, 430 F. Supp. 2d 591, 596 (W.D. La. 2006) (Under Louisiana law, which adheres to the same five unjust enrichment elements as Arizona, an impoverishment also occurs when a plaintiff suffers "an economic detriment […] whether because of the loss of a previously acquired asset or because of the prevention of justified expectation of gain.").

Accordingly, Kane, Ryan, and CKM are not entitled to summary judgment on the impoverishment element of McComas' unjust enrichment cross claims against them.

### C. Connection Between the Enrichment and Impoverishment

Even where a party establishes an enrichment and an impoverishment, the party must establish a connection between the two. *Freeman v. Sorchych*, 226 Ariz. 242, 251 (App. 2011). Regarding connection between enrichment and impoverishment, Kane, Ryan, and CKM argue in their motion that:

> it is likely that McComas will attempt to contest the granting of summary judgment by challenging Ms. Ryan's mental capacity. Despite no similar allegation having been alleged in the Cross-Claims, Defendants proffer that any attempt by McComas to support an unjust enrichment claim is equally flawed. It is not disputed that Ms. Ryan did have medical issues related to Alzheimer. However, that diagnosis alone, is insufficient to support McComas' unpled theory of liability. As the Arizona Court of Appeals determined in *Evans v. Liston*, 116 Ariz. 218, 568 P.2d 1116 (1977), despite determining an individual was senile or had a general deteriorating mental condition, it did not show lack of testamentary capacity. *Id.* at 220, 1118. Thus, Ms. Ryan's prior diagnosis is not the golden parachute McComas hopes it to be. Rather, the evidence presented by the Defendants supports the fact that Ms. Ryan's change in designated beneficiaries complemented the change to the beneficiaries of her Trust. (compare SOF ¶¶ 3 and 6). Therefore, there was no connection between the alleged impoverishment and enrichment. McComas' claim for unjust enrichment must be dismissed with prejudice.

(Doc. 79 at 6). These arguments relate to the fourth element of unjust enrichment, the absence or existence of justification for the enrichment and impoverishment, on which

Kane, Ryan, and CKM have not moved for summary judgment.[9] Further, the Court cannot weigh evidence on a motion for summary judgment, which Movant's arguments invite the Court to do. *Freeman v. Arpaio*, 125 F.3d 732, 735 (9th Cir. 1997) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

Here, there is a clear connection between the enrichment and the impoverishment given that the parties are arguing about the identity of the proper beneficiaries to the same Contract value. *See Liberty Life Ins. Co. v. Myers*, 2013 WL 530317, at *6 (D. Ariz. Feb. 12, 2013). Accordingly, Movants' motion for summary judgment fails on this third element of unjust enrichment.

## V. CONCLUSION

Kane, Ryan, and CKM moved for summary judgment on McComas' cross claims against them for unjust enrichment, arguing that the undisputed material facts show that Kane, Ryan, and CKM were not enriched, that McComas was not impoverished, and that there is no connection between the alleged enrichment and any impoverishment. For the reasons above, the Court will deny the motion, leaving for trial whether McComas can satisfy her burden of proof on each and all five elements of her unjust enrichment claims against Movants.

Accordingly,

**IT IS HEREBY ORDERED** denying Kane, Ryan, and CKM's Motion for Summary Judgment (Doc. 79) regarding McComas' unjust enrichment crossclaims against them.

Dated this 9th day of May, 2022.

_____
Honorable Deborah M. Fine
United States Magistrate Judge

---

[9] Kane, Ryan, and CKM did not provide any evidence regarding the Insured's Alzheimer's condition or testamentary capacity in their facts and materials supporting their motion for summary judgment.